UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TINA M. SPENCER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-571** |
| **CRACKER BARREL OLD COUNTRY STORE, INC., et al.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Plaintiff Tina M. Spencer's ("Plaintiff") Motion to Remand.[1] Plaintiff argues that this matter should be remanded to state court for two reasons: (1) the removal was not timely; and (2) the parties are not completely diverse.[2] Cracker Barrel opposes the motion.[3] For the reasons discussed in more detail below, the Court finds that the removal was not timely. Therefore, considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and remands this matter to the Twenty-Second Judicial District Court for the Parish of St. Tammany. The Court denies Plaintiff's request for attorney's fees.

## I. Background

On or about June 2, 2023, Plaintiff was a patron at the Cracker Barrel Old Country Store in Covington, Louisiana.[4] The store was managed by Michelle Smith ("Smith").[5] Plaintiff was

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 7-1.

[3] *Id.*

[4] Rec. Doc. 2-1 at 2–3.

[5] *Id.* at 2.

1

walking toward the ladies' restroom when she slipped and fell on a foreign substance located on the floor.[6] It is alleged that the accident caused severe injuries to Plaintiff.[7]

On May 31, 2024, Plaintiff filed a petition for damages against Defendants Cracker Barrel Old Country Store, Inc. ("Cracker Barrel"), Smith, and assistant store manager Mark [Last Name Unknown] in the Twenty-Second Judicial District Court for the Parish of St. Tammany.[8] On March 25, 2025, Cracker Barrel removed the case to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1332.[9] The Notice of Removal alleges that Smith was improperly joined solely to defeat diversity, and Plaintiff is unable to state a cause of action against Smith in her individual capacity.[10]

On April 23, 2025, Plaintiff filed a Motion to Remand.[11] On May 6, 2025, Cracker Barrel filed an opposition to the Motion to Remand.[12] On May 12, 2025, Plaintiff filed a reply brief in further support of the motion.[13]

---

[6] *Id.* at 3.

[7] *Id.* at 5.

[8] *Id.* at 2.

[9] Rec. Docs. 1, 2.

[10] Rec. Doc. 2 at 4–6.

[11] Rec. Doc. 7.

[12] Rec. Doc. 12.

[13] Rec. Doc. 17.

2

## II. Parties' Arguments

*A.    Plaintiff's Argument in Support of the Motion to Remand*

Plaintiff argues that this matter should be remanded to state court for two reasons: (1) the removal was not timely; and (2) the parties are not completely diverse.[14]

First, Plaintiff asserts the removal was untimely because Plaintiff's counsel sent Cracker Barrel medical bills totaling $80,278.33 on November 12, 2024, more than four months before removal.[15] Plaintiff contends Cracker Barrel acknowledged receipt on December 6, 2024.[16] Plaintiff avers that the November 12, 2024 correspondence was "other paper" triggering the 30-day period for removal under 28 U.S.C. § 1446(b)(3).[17]

Second, Plaintiff asserts Cracker Barrel failed to obtain the written consent of Smith for removal and failed to prove Smith was improperly joined.[18] Plaintiff contends Smith and the assistant manager owed a duty to Plaintiff.[19] Plaintiff avers the assistant manager and/or the cashier knew the substance was on the floor and failed to warn Plaintiff.[20] Alternatively, Plaintiff requests jurisdictional discovery concerning the person responsible for the area where the accident

---

[14] Rec. Doc. 7-1.

[15] *Id.* at 2–3, 8.

[16] *Id.* at 9.

[17] *Id.* at 12.

[18] *Id.* at 13.

[19] *Id.* at 18–19.

[20] *Id.* at 19.

3

occurred.[21] Plaintiff also requests that attorney's fees and costs be awarded to her for the improper removal.[22]

### B.    *Cracker Barrel's Argument in Opposition to the Motion to Remand*

In opposition to the motion to remand, Cracker Barrel first argues that the removal was procedurally proper.[23] Cracker Barrel asserts that consent to removal was not required from the two defendants who were improperly joined.[24] Cracker Barrel argues the removal was timely because Cracker Barrel first learned that the matter was removable on February 25, 2025, when Plaintiff answered Requests for Admission denying that the damages did not exceed $75,000.00.[25] Cracker Barrel acknowledges that Plaintiff's counsel sent multiple emails to Cracker Barrel's counsel with medical documents and billing over a matter of several months.[26] However, Cracker Barrel asserts none of this correspondence ever demanded a sum certain from Cracker Barrel to potentially resolve the case.[27] Accordingly, Cracker Barrel argues the correspondence was not a post-complaint demand letter that would constitute "other paper" under Section 1446(b)(3).[28] Additionally, Cracker Barrel contends the actual value of Plaintiff's medical expense is unknown due to lack of lien confirmation.[29] Cracker Barrel argues it has not received documentation as to

---

[21] *Id.* at 20.

[22] *Id.* at 21.

[23] Rec. Doc. 12 at 1.

[24] *Id.* at 2.

[25] *Id.* at 4.

[26] *Id.* at 5.

[27] *Id.*

[28] *Id.*

[29] *Id.*

what Medicaid and/or Blue Cross and Blue Shield have paid on Plaintiff's medical expenses.[30] Because the medical records show Plaintiff is a beneficiary of one or both of these benefits, Cracker Barrel asserts Plaintiff's outstanding medical expenses are clearly not the full amount of $80,278.33.[31] Cracker Barrel also argues that "there are serious concerns regarding injury causation" including Plaintiff's "age (58 years old at present), her congenital spinal condition of scoliosis, and the treating emergency room doctor and radiologist finding no acute injuries."[32]

Next, Cracker Barrel asserts Smith and the assistant manager were improperly joined for the sole purpose of defeating diversity jurisdiction.[33] Cracker Barrel argues that the petition fails to make any factual allegations against Smith or "Mark," instead relying upon a "formulaic recitation" of elements of a general negligence cause of action.[34] Cracker Barrel argues Plaintiff cannot imbue Smith and "Mark" with personal liability simply because of their general administrative responsibilities for performance of some function of their employment.[35] Cracker Barrel contends Plaintiff has made general conclusory allegations that the managers had actual knowledge of the condition, without any supporting facts to survive a Rule 12(b)(6)-type analysis.[36] Finally, Cracker Barrel argues there are no unusual circumstances warranting fees or expenses in this case.[37]

---

[30] *Id.* at 6.

[31] *Id.* at 6–7.

[32] *Id.*

[33] *Id.* at 7.

[34] *Id.* at 9.

[35] *Id.*

[36] *Id.* at 10.

[37] *Id.* at 11.

*C.     Plaintiff's Argument in Support of the Motion for Leave to File an Amended Complaint*

In reply, Plaintiff contends that Cracker Barrel is incorrect in asserting that the letters, medical bills, and medical records did not constitute an "other paper."[38] Additionally, Plaintiff asserts that the set-off or credit, including a credit for collateral source payments, is an affirmative defense irrelevant to the determination of the amount in controversy.[39] According to Plaintiff, Cracker Barrel's argument regarding causation also provides no justification for its untimely removal.[40] While a jury may ultimately determine that some of Plaintiff's medical bills or claimed damages were not caused by the accident at Cracker Barrel, Plaintiff contends the amount "in controversy" at this time clearly exceeds $75,000 in medical expenses alone.[41]

Plaintiff also reiterates her argument that Cracker Barrel failed to obtain written consent of Smith.[42] Finally, Plaintiff reiterates her argument that Cracker Barrel failed to prove Smith was improperly joined.[43]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[44] Pursuant to 28 U.S.C. § 1332, a district court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." The removing party bears the

---

[38] Rec. Doc. 17 at 3.

[39] *Id.* at 4.

[40] *Id.* at 5.

[41] *Id.* at 6.

[42] *Id.* at 7.

[43] *Id.*

[44] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

burden of demonstrating that federal jurisdiction exists.[45]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[46] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[47]

Additionally, 28 U.S.C. § 1446(b) governs the time limitations for removal of a case to federal court. Generally, a notice of removal must be filed within 30 days of the defendant receiving a copy of the initial pleading.[48] A case is removable from the defendant's receipt of the initial pleading "when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of [$75,000]."[49] Thus, a plaintiff must "place in the initial pleading a specific allegation that damages are in excess of [$75,000]" for the 30-day window to run from defendant's receipt of the initial pleading.[50] Yet, if the case is not originally removable, but it later becomes removable, a party may file a notice of removal. This filing must occur within 30 days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable.[51] "The information supporting removal in a

---

[45] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[46] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[47] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[48] 28 U.S.C. § 1446(b)(1).

[49] *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

[50] *Id.*

[51] 28 U.S.C. § 1446(b)(3).

7

copy of an amended pleading, motion, order or other paper . . . must be unequivocally clear and certain to start the time limit running."[52]

### IV. Analysis

Plaintiff argues that this matter should be remanded to state court for two reasons: (1) the removal was not timely; and (2) the parties are not completely diverse.[53] The Court begins with Plaintiff's argument that the removal was untimely. Generally, a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[54] A notice of removal filed beyond this 30-day window is untimely unless the case was not originally removable and the defendant later receives "an amended pleading, motion, order or other paper from which it may *first be ascertained*" that the case is removable.[55] The parties agree the case was not originally removable because the original state court petition did not affirmatively reveal on its face that Plaintiff was seeking damages in excess of $75,000.

Plaintiff asserts the removal was untimely because Plaintiff's counsel sent Cracker Barrel medical bills totaling $80,278.33 on November 12, 2024, more than four months before removal.[56] Plaintiff avers that the November 12, 2024 correspondence was "other paper" triggering the 30-

---

[52] *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 608–09 (5th Cir. 2018) (citations and quotations omitted).

[53] Rec. Doc. 7-1.

[54] 28 U.S.C. § 1446(b)(1).

[55] 28 U.S.C. § 1446(b)(3) (emphasis added).

[56] Rec. Doc. 7-1 at 2–3, 8.

8

day period for removal.[57] Cracker Barrel argues the removal was timely because it first learned that the matter was removable on February 25, 2025, when Plaintiff answered Requests for Admission denying that the damages did not exceed $75,000.00.[58]

Cracker Barrel acknowledges that Plaintiff's counsel sent multiple emails to Cracker Barrel's counsel with medical documents and billing over a matter of several months.[59] Cracker Barrel asserts none of this correspondence ever demanded a sum certain from Cracker Barrel to potentially resolve the case.[60] Cracker Barrel is correct that the November 12, 2024 correspondence cannot be considered a "demand letter" because Plaintiff did not demand a certain sum to settle the suit. However, this argument misses the point. Courts have consistently held that receipt of medical records can qualify as "other paper" sufficient to trigger the 30-day removal period.[61] On September 3, 2024 and November 12, 2024, Plaintiff's counsel sent correspondence to Cracker Barrel's representative attaching numerous medical records. Those records reflect past medical expenses totaling $80,278.33. Based on those records, it was "unequivocally clear and certain" that the matter in controversy exceeded $75,000. At that point, the 30-day period for

---

[57] *Id.* at 12.

[58] Rec. Doc. 12 at 4.

[59] *Id.* at 5.

[60] *Id.*

[61] *Garcia v. Indian Harbor Ins. Co.*, No. 2:23-CV-01807, 2024 WL 4356457, at *4 (W.D. La. Sept. 9, 2024) (LeBlanc, M.J.) (holding that discovery responses including medical records and pay stubs constituted "other paper" to begin running of the removal clock), *report and recommendation adopted*, 2:23-CV-01807, 2024 WL 4361581 (W.D. La. Sept. 30, 2024) (Cain, J.); *Meeks v. Jazz Casino Co., LLC*, No. CV 19-13238, 2020 WL 359204, at *1 (E.D. La. Jan. 21, 2020) (Barbier, J.) ("It is undisputed that medical records constitute 'other papers' for the purposes of determining whether an amount-in-controversy exceeds $75,000."); *Savone v. James River Ins. Co.*, No. CV 19-10902, 2019 WL 3283137, at *3 (E.D. La. July 22, 2019) (Morgan, J.) (holding that "[i]t did not become 'unequivocally clear and certain'' that the matter in controversy exceeded $75,000 until May 21, 2019, when Defendant received the second of two sets of medical records which, collectively, estimated Savone's surgical costs to exceed $130,000.'").

removal was triggered. Cracker Barrel waited until March 24, 2025—over four months after receipt of the second letter—to remove this matter. Therefore, the removal was untimely.

Cracker Barrel contends the actual value of Plaintiff's medical expense is unknown due to lack of lien confirmation.[62] The pertinent jurisdictional question "is what is in controversy in the case, not how much the plaintiff[] [is] ultimately likely to recover."[63] "For this reason, courts determining whether they have subject-matter jurisdiction have declined to speculate about possible reductions to a plaintiff's award that may occur in the future."[64] In November 2024, Cracker Barrel had documentation showing Plaintiff had incurred medical expenses totaling $80,278.33. That information was sufficient to trigger the removal clock.

Cracker Barrel also argues that "there are serious concerns regarding injury causation" including Plaintiff's "age (58 years old at present), her congenital spinal condition of scoliosis, and the treating emergency room doctor and radiologist finding no acute injuries."[65] Again, the pertinent jurisdictional question "is what is in controversy in the case, not how much the plaintiff[] [is] ultimately likely to recover."[66] While a jury may ultimately determine that some of Plaintiff's claimed damages were not caused by the accident at Cracker Barrel, in November 2024, Cracker Barrel was presented with "other paper" from which it could first be ascertained that the amount in controversy exceeded $75,000 in past medical expenses alone. Therefore, the March 24, 2025 removal was untimely.

---

[62] Rec. Doc. 12 at 5.

[63] *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (quoting *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009)).

[64] *Amie Chapel Missionary Baptist Church v. First Nat'l Ins. Co. of Am.*, No. 8:22-CV-478-CEH-AAS, 2022 WL 2236026, at *3 (M.D. Fla. June 22, 2022) (collecting cases).

[65] Rec. Doc. 12 at 6–7.

[66] *Pretka*, 608 F.3d at 751.

Finally, Plaintiff requests costs and attorney's fees.[67] Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[68] The Fifth Circuit has made clear that "a district court is not divested of jurisdiction to award attorney's fees and costs pursuant to Section 1447(c) after a remand has been certified."[69]  The decision to award attorney's fees under Section 1447(c) is within the sound discretion of the Court.[70] The "mere determination that removal was improper" does not automatically entitle a plaintiff to an award of fees.[71] Rather, in the absence of "unusual circumstances," this Court may award attorney's fees under Section 1447(c) where "the removing party lacks an objectively reasonable basis for seeking removal."[72] Plaintiff has not demonstrated that attorney's fees are warranted in this case. Although the Court finds the removal was untimely, Plaintiff has not shown Cracker Barrel lacked an objectively reasonable basis for seeking removal. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[73] is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent it requests the case be remanded. The motion is **DENIED** to the extent it requests that costs and attorney's fees be awarded to Plaintiff's counsel.

---

[67] Rec. Doc. 7-1 at 21–22.

[68] 28 U.S.C. § 1447(c).

[69] *Coward v. AC & S, Inc.*, 91 F. App'x 919, 922 (5th Cir. 2004).

[70] *Darville v. Tidewater Marine Serv., Inc.*, No. 15-6441, 2016 WL 1402837, at *8 (E.D. La. Apr. 11, 2016) (Brown, J.) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)).

[71] *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012) (internal citations omitted).

[72] *Id.* at 542 (internal citations omitted).

[73] Rec. Doc. 7.

**IT IS FURTHER ORDERED** that the case is hereby remanded to the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana for further proceedings.

**NEW ORLEANS, LOUISIANA**, this  22nd   day of July, 2025.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**